UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOLORES GUTIERREZ,

   Petitioner,

v.                                             Case No. 4:21-cv-99-WS/MJF

ERICA STRONG,

   Respondent.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Petitioner's failure to comply with a court order. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders, failure to pay the filing fee, and failure to prosecute.[1]

### I. BACKGROUND

On February 15, 2021, Petitioner, proceeding *pro se*, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1 at 8). Petitioner also filed a motion for leave to proceed *in forma pauperis*. (Doc. 3). On February 23, 2021, the undersigned denied Petitioner's motion for leave to proceed *in*

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

*forma pauperis* because it was insufficient. (Doc. 5). The undersigned ordered Petitioner to either pay the $5.00 filing fee or file a properly completed motion for leave to proceed *in forma pauperis* on the court-approved form with the requisite supporting documents. (*Id.* at 1-2). The undersigned directed the clerk of the court to send to Petitioner a copy of the court-approved form to aid Petitioner in complying with the undersigned's order. The undersigned provided Petitioner until March 26, 2021, to comply with the court's order and warned Petitioner that her failure to comply with the order likely would result in dismissal. (*Id.* at 2). The deadline to comply passed, and Petitioner had neither paid the filing fee nor filed a properly completed motion for leave to proceed *in forma pauperis*.[2]

Accordingly, on April 7, 2021, the undersigned directed Petitioner to explain and show cause why she failed to comply with the court's order to pay the filing fee or move for leave to proceed *in forma pauperis*. (Doc. 7). The undersigned imposed a deadline of April 30, 2021, for Petitioner to comply. The undersigned again warned Petitioner that her failure to comply with the court's order likely would result in dismissal. As of the date of this report and recommendation, Petitioner has not complied with the court's orders or shown cause for her failure to comply.

---

[2] On March 24, 2021, the court's order was returned undeliverable because it was "refused." (Doc. 6). To ensure Petitioner received a copy of the order, the clerk "corrected [Petitioner's] BOP Number and remailed [the] order." (*Id.*). It appears that Petitioner received this order insofar as it was not returned to the court as "undeliverable."

## II. Discussion

The undersigned recommends dismissal of this habeas petition because Petitioner has failed to pay the filing fee, failed to comply with two court orders, and failed to prosecute.

### A.     Failure to Pay the Filing Fee

Rule 5.3 of the Local Rules for the Northern District of Florida provides that "A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the petitioner an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Petitioner submitted a deficient motion for leave to proceed *in forma pauperis*. The undersigned denied the motion without prejudice and directed Petitioner to pay the filing fee or submit a properly completed motion to proceed *in forma pauperis*. The undersigned specifically warned Petitioner that her failure to do so likely would result in dismissal. (Doc. 5). Petitioner failed to pay the filing fee or submit a fully completed motion to proceed *in forma pauperis*. Despite the undersigned issuing an order to show cause, Petitioner still did not pay the filing fee and did not show cause why she failed to comply with the court's orders. Accordingly, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

**B.**     **Failure to Comply with Two Court Orders and Failure to Prosecute**

The undersigned also recommends that Petitioner's petition be dismissed in light of her failure to comply with two court orders and failure to prosecute.

 "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232,

1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)  The duration of Petitioner's failure to comply.** On February 23, 2021, the undersigned directed Petitioner to pay the filing fee or submit a completed motion for leave to proceed *in forma pauperis*. The undersigned imposed a deadline of March 26, 2021, to comply. Thus, Petitioner has failed to comply with that order since March 26, 2021.

**(2)  Petitioner's failure to comply with two court orders.** The Petitioner has failed to comply with two court orders:

    a.    the order issued on February 23, 2021; and

      b.      the order issued on April 7, 2021.

**(3) Petitioner received notice that failure to act likely would result in dismissal.** The undersigned warned Petitioner that a failure to comply with the respective order likely would result in dismissal. (Docs. 5, 7). Despite these warnings, Petitioner has not complied with the undersigned's orders.

**(4) Petitioner likely will not suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Petitioner could refile her claim should she choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to her.

**(5) The proper balance between alleviating court calendar congestion and protecting Petitioner's right to due process and a fair chance to be heard.** The Petitioner has been afforded an opportunity to be heard and has received due process consistent with the primary stage of her civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Petitioner may have in this case remaining pending and inactive.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's

need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Petitioner's prior conduct, it is likely that Petitioner would ignore future orders directing her to comply. Because Petitioner is currently incarcerated, a finding of contempt is unlikely to motivate Petitioner to comply. Accordingly, dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Petitioner's failure to (1) pay the filing fee or move for leave to proceed *in forma pauperis*; (2) failure to comply with two court orders; and (3) failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this 28th day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**